Dear Mr. Wells:
On behalf of the Rapides Parish Police Jury, you have requested our opinion regarding the funding provided to assessors by assessment districts.
According to your correspondence, an assessment district has been established in accordance with the provisions of R.S.47:1925.1, for the purpose of funding the Rapides Parish Assessor's Salary and Expense Fund. Your question is prompted by the Assessor's request that the Police Jury purchase a computerized mapping system for the Assessor's office.
Specifically, you ask:
 "If the Assessor utilizes the special assessment district (47:1925.7) as an alternative method of funding for his office, does that action:
 A.) Relieve the Jury of its obligations regarding the Assessor's Office (R.S. 33:4713);
 B.) If it does not totally relieve the Jury of that obligation (R.S. 33:4713), is the Assessor required to first exhaust all those funds before the Jury's obligations under R.S. 33:4713 apply;
 C.) Can the Assessor require the Jury to purchase such equipment under any other statutory provision despite the fact that the Assessor may have funds remaining in his salary and expense fund."
In accordance with R.S. 47:1925.1, "The assessment district authorized herein shall provide an optional method of funding the office of the assessor . . . in lieu of pro rata deductions from ad valorem taxing authorities." (emphasis added)
In our opinion, the above-quoted language indicates that the funding provided by the assessment districts is meant to replace the "pro rata deductions" referred to in R.S. 47:1906. R.S.47:1906 provides for the pro rata deduction from first tax collections of all tax recipients to be paid directly to the assessor by the sheriff. In other words, the funding assessment districts provide replaces the funding which assessors would otherwise receive for their salary and expense fund in accordance with R.S. 47:1906. See also: Attorney General's Opinion No. 89-34, attached hereto.
It is also our opinion that assessment districts created under R.S. 47:1925.1 do not relieve police juries of their obligation to "provide" assessors with equipment under R.S. 33:4713. We note that in accordance with R.S. 33:4713, the police jury "shall" make such purchases, and then "bill" other tax recipients for their proportionate share. R.S. 33:4713 makes no reference whatsoever to "pro rata deductions" from tax receipts. See also: Attorney General's Opinion No. 88-79-A, attached hereto.
Based upon the foregoing, it is the opinion of this office that the utilization of an assessment district for the funding of an assessor's office does not relieve the police jury of its obligations to the assessor under R.S. 33:4713. In light of this determination, the need to address the remaining issues presented is obviated.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General RPI:JMZ:jav 0452n